_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

The Hon. Jamal N. Whitehead

**FEB 18 2025**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARRY TREMAIN,<br><br>Defendant. | NO. CR24-133JNW<br><br>**PLEA AGREEMENT** |

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorney Stephen Hobbs of the Western District of Washington and Barry Tremain and defendant's attorney Corey Endo, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

1.      **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Indictment.

    a. *Possession of Controlled Substances with Intent to Distribute*, as charged in Count 1, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B).

    b. *Unlawful Possession of a Firearm*, as charged in Count 2, in violation of Title 18, United States Code, Section 922(g)(1).

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  c. *Unlawful Possession of a Firearm*, as charged in Count 4, in violation of Title 18, United States Code, Section 922(g)(1).

  d. *Possession of Controlled Substances with Intent to Distribute*, as charged in Count 5, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

  2. **Elements of the Offenses.** The elements of the offenses to which Defendant is pleading guilty are as follows:

The elements of *Possession of Controlled Substances with Intent to Distribute*, as charged in Count 1 and Count 5, are as follows:

  a. On or about the dates charged, within the Western District of Washington, Defendant knowingly possessed methamphetamine or N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl); and

  b. Defendant possessed the methamphetamine or fentanyl with the intent to deliver it to another person.

The elements of *Unlawful Possession of a Firearm*, as charged in Count 2 and Count 4, are as follows:

  a. The Defendant knowingly possessed firearm,

  c. The firearm had been shipped and transported in interstate or foreign commerce,

  d. At the time the Defendant possessed the firearm the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year, and

  e. At the time the Defendant possessed the firearm, the Defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

  3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

Plea Agreement - 2
*United States v. Tremain*, CR24-133JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Count 1: Possession of Controlled Substances with the Intent to Distribute*, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B): a maximum term of imprisonment of up to 40 years, a mandatory minimum term of 5 years imprisonment. a fine of up to five million dollars ($5,000,000), a period of supervision following release from prison of at least four (4) years, and a mandatory special assessment of one hundred dollars ($100).

*Count 5: Possession of Controlled Substances with the Intent to Distribute*, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C): a maximum term of imprisonment of up to 20 years, a fine of up to one million dollars ($1,000,000), a period of supervision following release from prison of at least three (3) years, and a mandatory special assessment of one hundred dollars ($100).

*Counts 2 and 4: Unlawful Possession of a Firearm*, in violation of Title 18, United States Code, Section 922(g)(1): a maximum term of imprisonment of up to 15 years, a fine of up to $250,000, a period of supervision following release from prison of up to 5 years, and a mandatory special assessment of one hundred dollars ($100)

Defendant further understands that, in order to invoke the statutory sentence for the drug offense charged in Count 1, the United States must prove beyond a reasonable doubt that the offense charged in this count involved 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine. Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that the offense charged in Count 1 involved more than 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally

Plea Agreement - 3
*United States v. Tremain*, CR24-133JNW

imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4.    **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

5.    **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

Plea Agreement - 4
*United States v. Tremain*, CR24-133JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.  The right to plead not guilty and to persist in a plea of not guilty;

b.  The right to a speedy and public trial before a jury of Defendant's peers;

c.  The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.  The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.  The right to confront and cross-examine witnesses against Defendant at trial;

f.  The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.  The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.  The right to appeal a finding of guilt or any pretrial rulings.

6.  **United States Sentencing Guidelines.** Defendant understands and acknowledges that, before accepting the terms of this Plea Agreement, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

Plea Agreement - 5
*United States v. Tremain*, CR24-133JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.  The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing.

b.  After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law; and

c.  Except as provided in the paragraph containing the stipulation of the parties pertaining to sentencing, Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7.  **Agreed Sentence Range Pursuant to Rule 11(c)(1)(C).** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties acknowledge and agree that the appropriate sentence of imprisonment to be imposed by the Court at the time of sentencing is within the range of 87 months to 108 months. If the sentencing Court rejects the agreement of the parties and seeks to impose a sentence outside the agreed-upon sentencing range, both Defendant and the United States reserve the right to withdraw from this Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and to proceed to trial. No other agreement has been made regarding the imposition of the sentence in this matter, and the parties understand that the Court retains full discretion to impose a sentence within the range to which is agreed above. Further, the parties understand that the Court retains full discretion regarding the imposition of a term of supervised release, the conditions of supervised release, fines, forfeiture, or restitution as may be applicable. Except as specified above, Defendant understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court.

8.  **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9.  **Statement of Facts.** Defendant admits Defendant is guilty of the charged offenses. The parties agree on the following facts:

a.  During the events described below, defendant Barry Tremain was on federal supervision under cause number CR12-266JLR.

Plea Agreement - 6
*United States v. Tremain*, CR24-133JNW

b.  On May 7, 2024, Snohomish County Sheriff's Deputies attempted to stop a vehicle Tremain was driving for a traffic violation. Tremain fled from the deputies but was eventually apprehended. Post-*Miranda*, Tremain told officers that he used methamphetamine and it was in the bag they had seized from him. He said he was on the run from United States Probation

c.  Tremain, and a bag he was holding, were searched and the following items were found: $16,000 in cash, a digital scale, 9 grams of methamphetamine.

d.  Tremain's vehicle was searched and the following items were found: a Sig Saur 9mm handgun (verified as stolen), 134 grams of methamphetamine, 203 grams of methamphetamine, 25 grams of cocaine, 82 grams of fentanyl pills, 111 grams of fentanyl pills, 34 grams of cocaine, 3 cell phones, prescription bottles in Tremain's name, a debit card in Tremain's name, and drug ledgers.

c.  Tremain was taken into state custody but subsequently released. On May 15, 2024, Tremain was arrested at his residence, in Gold Bar, Washington. Tremain gave law enforcement written consent to search the residence. A safe was located in Tremain's bedroom. Tremain admitted that there was a .44 magnum revolver in the safe. Tremain identified the keys needed to open the safe and provided instructions on how to do so.

d.  Inside the safe the following items *was* ~~were~~ found: a Ruger .44 caliber revolver, 57 grams of methamphetamine, $10,170 in cash, and a drug ledger, *were also found in the house.*

e.  Tremain was in possession of the items described in the pervious paragraphs. Tremain possessed the methamphetamine and fentanyl (both controlled substances) that were seized on May 7 and 15, 2024, with the intent to distribute these controlled substances to others. Tremain admits the Sig Saur 9mm handgun, .44 magnum revolver, and any associated magazines, accessories, and ammunition facilitated the offenses of *Possession of Controlled Substances with Intent to Distribute*, (Counts 1 and 5) and were involved in the *Unlawful Possession of a Firearm* offenses (Counts 2 and 4).

f.  The Sig Saur 9mm handgun and .44 magnum revolver described above were both manufactured outside the State of Washington and had traveled in interstate or foreign commerce prior to being possessed by Tremain.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

h. The parties agree that for the purposes of calculating the Sentencing Guidelines, Tremain possessed at least 700 kilograms of converted drug weight.

g. Prior to the above events, Tremain had been convicted, and knew he had been convicted of the following crimes for which he received a sentence of imprisonment of more than one year:

i. *Distribution of Heroin* (three counts), *Felon in Possession of a Firearm, Possession of a Firearm in Furtherance of Drug Trafficking, Possession of Heroin with Intent to Distribute,* and *Possession of Methamphetamine with Intent to Distribute,* in the United States District Court for the Western District of Washington, under cause number CR12-226JLR, on or about November 19, 2012.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

a. A Base Offense Level of 28 (at least 700 kilograms of converted drug weight) pursuant to USSG §2D1.1(c)(5).

b. A 2-point increase for possessing a firearm, pursuant to USSG §2D1.1(b)(1).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will

Plea Agreement - 8
*United States v. Tremain,* CR24-133JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Agreed Recommendation Regarding Supervised Release case:** The defendant agrees to admit the pending supervised release violations under *United States v. Tremain*, CR12-226). The parties agree to recommend that any sentence imposed under CR12-226 be served concurrently with the sentence imposed under CR24-133. The parties further agree to recommend that supervision terminated under CR12-226.

12. **Forfeiture of Assets.** Defendant understands the forfeiture of property is part of the sentence that must be imposed in this case.

Defendant agrees to forfeit to the United States immediately all of his right, title, and interest in any and all property, real or personal, that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of *Possession of Controlled Substances with Intent to Distribute*, as charged in Counts 1 and 5 of the Indictment, and any property constituting, or derived from, any proceeds Defendant obtained, directly or indirectly, as the result of this offense. This property is subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), and includes but is not limited to:

    a.    one Sig Saur 9mm handgun;

    b.    one Ruger .44 revolver; and

    c.    any associated magazines, accessories, or ammunition.

Defendant also agrees to forfeit to the United States immediately all of his right, title, and interest in any firearms, and any associated ammunition, involved in his commission of *Unlawful Possession of a Firearm*, the offense set forth in Counts 2 and 4 of the Indictment. All such property is forfeitable pursuant to Title 18, United States

Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), and includes but is not limited to:

        a.      one Sig Saur 9mm caliber handgun;

        b.      one Ruger .44 revolver, and

        c.      any associated ammunition.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any such property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated. Defendant also agrees he will not assist anyone else who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets constitute or are derived from proceeds of, or were used or intended to be used to facilitate, *Possession of Controlled Substances with Intent to Distribute*, as charged in Counts 1 and 5 of the Indictment, or were involved in the commission of *Unlawful Possession of a Firearm*, the offense set forth in Counts 2 and 4.

13.    **Abandonment.** Defendant agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband. Defendant abandons any interest in the $16,000 in U.S. currency seized from him on May 7, 2024, and the $10,170 in U.S. currency seized from

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the safe in his residence on May 15, 2024. Defendant admits that the seized currency is proceeds of drug trafficking.

14. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of

Plea Agreement - 11
*United States v. Tremain*, CR24-133JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

16.    **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. This includes, without limitation, any constitutional challenge to the Defendant's conviction. Defendant further agrees that, provided the Court imposes a custodial sentence within the range specified in paragraph 7, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes, without limitation, any challenge to any aspect of the sentence and sentencing proceeding, including any statutory or constitutional challenge to how the sentence was imposed.

Defendant also agrees that, by entering the guilty pleas required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the

Plea Agreement - 12
*United States v. Tremain*, CR24-133JNW

effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction. Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

20. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties,

Plea Agreement - 13
*United States v. Tremain*, CR24-133JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 18 day of February, 2025.

BARRY TREMAIN
Defendant

COREY ENDO
Attorney for Defendant

TODD GREENBERG
Assistant United States Attorney

STEPHEN HOBBS
Assistant United States Attorney

*WDWA USAO.Plea Agr.Version 14.Released 08.30.2024*

Plea Agreement - 14
*United States v. Tremain*, CR24-133JNW